IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARQUETTE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-cv-1063-MEF |
| | ) | |
| SOUTHERN PAN SERVICES, | ) | (WO-DO NOT PUBLISH) |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Marquette Jones ("Jones") sued his former employer Southern Pan

Services ("Southern Pan") for discriminatory discharge and discriminatory compensation

based on race. The Court granted Southern Pan's motion for summary judgment, finding

that Jones, a black male, could not establish that he was as qualified as the Hispanic

workers that Southern Pan retained.  This cause is now before the Court on the Plaintiff's

Motion to Vacate (Doc. # 44) this Court's order granting the defendant Southern Pan

Services's motion for summary judgment.  Alternatively, Jones moves for reconsideration

of the Court's decision.  For the following reasons, Jones's Motion to Vacate is due to be

DENIED.

## I.  LEGAL STANDARD

The District Court has substantial discretion in ruling on a motion for

reconsideration.  *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala.

2000).  Reconsideration of a previous order is an "extraordinary remedy to be employed

sparingly." *Id.* Courts have recognized only three grounds for reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or manifest injustice. *Id.* Merely expressing disagreement with the Court's opinion is not enough to justify relief. *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (A motion for reconsideration is not "an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

## DISCUSSION

Because Jones does not allege either that new facts have arisen or that an intervening change in the law occurred, his motion to vacate must be based on the argument that the Court's decision was a manifest injustice. *See Groover*, 90 F. Supp. 2d at 1256. First, Jones argues that the Court abused its discretion by denying his Motion to Supplement his evidentiary submissions in response to the defendant's motion for summary judgment. Second, Jones argues that the Court incorrectly decided whether Jones was as qualified as the Hispanic workers Southern Pan retained when that question should have been left to a jury. Third, Jones argues that he could establish a prima facie claim for discriminatory compensation, and therefore the Court's dismissal of this claim was improper.[1]

---

[1] Jones also complains about the way in which the Court crafted the "factual background" portion of it's memorandum opinion and order. Jones seems to contend that the Court erred by constructing its own version of the facts instead of merely cutting and

2

### A.  Motion to Supplement Jones's Evidentiary Submissions

Jones argues first that this Court abused its discretion in denying the Plaintiff's Motion to Supplement his evidentiary submissions.  After responding to the motion for summary judgment, Jones moved this court to supplement his response with the affidavit of Jones's former supervisor at Southern Pan.  (Doc. # 29).  However, Jones's motion did not provide any explanation for why he did not or could not locate the witness until after the response deadline had passed. Accordingly, this Court denied Jones's motion to supplement.

On his motion to vacate, Jones still does not provide any reason why the witness could not be located before the response deadline.  Jones should have known the identity of the witness, as the witness was reportedly his supervisor.  Jones may have been displeased with the Court's ruling on his motion to supplement, but he presents no grounds for reversing it.  A motion for reconsideration is not "an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."  *Cobb's History, Inc.*, 916 F. Supp. at 1560.

### B.  Jones's Ability to Establish Pretext

This Court granted Southern Pan summary judgment because Jones failed to demonstrate that he was as qualified as the Hispanic workers that Southern Pan retained.

---

pasting the recitation of the facts as found in Jones's brief.  While the Court must draw all factual inferences in the non-movant's favor, those inferences should be drawn based on the evidence presented, and not the narrative contained in the plaintiff's brief.

3

In other words, Jones could not demonstrate that Southern Pan's proffered reason for dismissing him was pretextual.  In the instant motion, Jones vehemently argues that his deposition qualifies as evidence just as much as Southern Pan's submitted evidence.  The Court does not dispute that Jones's deposition is evidence.  However, Jones admits in his deposition that he never discussed work experience or background with any of the Hispanic men Southern Pan retained.  (Doc. # 27 Ex. 1 at 127).  Therefore, his conclusion that he was as qualified as the Hispanic men is pure conjecture.  While Jones's deposition is evidence, it certainly is not evidence which demonstrates pretext.

Jones also argues that the Hispanic employees's applications demonstrate a lack of specialized skills, and therefore demonstrates pretext.  However, the applications included no place to describe or list employment skills, and provided applicants with only limited ability to explain employment history.  Jones calls this "making excuses" about the evidence.  But his criticism of the Court's decision does not demonstrate the kind of "manifest injustice" that a motion for reconsideration is meant to address.  Jones is merely attempting to get a second bite at the apple because he is dissatisfied with the Court's ruling on summary judgment.  Accordingly, his motion for reconsideration is due to be denied.

### C. Jones's Claim for Discriminatory Compensation

Jones's claim that he can establish a claim for discriminatory compensation is dependent on his ability to demonstrate that he was as qualified as the Hispanic workers

4

Southern Pan retained.  As explained above, he cannot do so.  Accordingly, this portion of his motion is also due to be denied.

### III. CONCLUSION

Jones has failed to demonstrate new facts, an intervening change in the law, or a manifest injustice.  Accordingly, it is hereby ORDERED that his Motion to Vacate is DENIED.  It is further ORDERED that the stay of execution on the pending bill of costs is LIFTED.  The clerk of the court is DIRECTED to tax costs against Jones.

Done this the 25th of May, 2011.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE